**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**EUGENE F. KIMBROUGH,**

                **Plaintiff,**　　　　　　　9:08-cv-03
　　　　　　　　　　　　　　　　　　　　　　　(GLS/RFT)
            v.

**TOWN OF DEWITT POLICE DEPARTMENT;**
**JOHN DOE; EUGENE CONWAY; BRIAN**
**LUTZ; EDWARD W. MASON, JR.; WAYNE**
**GRECCO; KEITH B. BURY;** and **CRAIG R.**
**BELCHER,**

                **Defendants.**
_____

**APPEARANCES:**　　　　　　　　　**OF COUNSEL:**

**FOR THE PLAINTIFF:**
Eugene F. Kimbrough
Pro Se
06-B-0487
Attica Correctional Facility
Box 149
Attica, NY 14011

**FOR THE DEFENDANTS:**
*Defendants Town of Dewitt Police*
*Department, Doe, Conway, Lutz,*
*Mason, Grecco, and Bury*
Office of Frank W. Miller　　　　　　　FRANK W. MILLER, ESQ.
6575 Kirkville Road
East Syracuse, NY 13057

| | |
|---|---|
| *Defendant/Cross-Claimaint Belcher*<br>Onondaga County Department of Law<br>421 Montgomery Street, 10th Floor<br>Syracuse, NY 13202 | KATHLEEN M. DOUGHERTY,<br>ESQ. |

**Gary L. Sharpe**
**District Court Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Eugene Kimbrough brings this action under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (*See* Compl., Dkt. No. 1.) On March 24, 2009, defendants Town of Dewitt Police Department, John Doe, Eugene Conway, Brian Lutz, Edward Mason, Jr., Wayne Grecco, and Keith Bury moved for dismissal of and summary judgment on the complaint. (Dkt. No. 30.) In a Report-Recommendation and Order (R&R) filed March 8, 2010, Magistrate Judge Randolph F. Treece recommended that Kimbrough's Fifth, Eighth, and Fourteenth Amendment excessive force claims, equal protection claim, conspiracy claims, and slander and defamation claim be dismissed, but that the remainder of defendants' motion be denied as to Kimbrough's Fourth Amendment excessive force,

2

failure to protect, and *Monell* claims.[1]  (Dkt. No. 46.)  Pending are Kimbrough and defendants' objections to the R&R.[2]  (Dkt. Nos. 47, 48.)  For the reasons that follow, the R&R is adopted in its entirety.

## II. Discussion

### A. Standard of Review

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo.  *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).  In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error.  *See id.*

### B. Procedural Posture

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

[2] For the reasons outlined by defendants in their April 14, 2010 letter, (*see* Miller Letter at 2, Dkt. No 56), the court denies Kimbrough's request to strike defendants' objections, (*see* Pl. Surreply, Dkt. No. 54).  Otherwise, the court declines to consider or evaluate the additional arguments set forth by Kimbrough and defendants in their "surreplies," as they are cumulative, intractable, and distantly removed from the issues pending before the court.  (*See* Dkt. Nos. 54, 56.)

Insofar as defendants object to Judge Treece's treatment of their dual motion to dismiss and for summary judgment, the court concurs with Judge Treece's reserved approach, particularly in light of the fact that a scheduling order setting discovery and motion deadlines has yet to be issued.  It was not inappropriate to receive and consider the evidence submitted by defendants in support of their summary judgment motion, since Kimbrough failed to make an appropriate showing of prematurity under FED. R. CIV. P. 56(f).  (*See* R&R at 8, Dkt. No. 46.)  Nonetheless, Judge Treece alleviated any concerns by analyzing "the claims for which [he] recommend[ed] dismissal ... under a motion to dismiss standard," (*Id.* at 8-9), since, contrary to defendants' contentions, (*see* Defs. Objections at 2-14, Dkt. No. 47), such evidence was neither complete nor conclusive as to the relevant claims—namely, those surviving defendants' motion to dismiss.  Therefore, the court rejects any of the parties' challenges to the manner in which Judge Treece proceeded through the motions.

In addition, were the court to construe Kimbrough's filings to include an appeal of Judge Treece's denial of Kimbrough's request to file a motion to compel, such an appeal would be denied.  When reviewing an appeal from a pretrial non-dispositive motion decided by a magistrate judge, the

4

court will affirm the order unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a). This standard governs a district court's review of a magistrate's orders concerning discovery disputes. *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). "[M]agistrate judges are afforded broad discretion in resolving non-dispositive disputes and reversal is appropriate only if their discretion is abused." *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 90 (S.D.N.Y. 2002). Judge Treece's decision to deny Kimbrough's letter request to file a motion to compel as premature was neither clearly erroneous nor contrary to law. Accordingly, that order is affirmed.

## C. Eighth Amendment Claims

Kimbrough specifically objects to the portion of the R&R recommending that his Eighth Amendment excessive force claim be dismissed. (*See* Pl. Objections at 1-4, Dkt. No. 48.) This objection is without merit. As Judge Treece correctly held, the rights afforded under the Eighth Amendment do not apply to the circumstances alleged in the complaint. *See Whitley v. Albers*, 475 U.S. 312, 318-19 (1986) ("The Cruel and Unusual Punishments Clause was designed to protect those convicted of crimes, and consequently ... applies only after the State has complied

5

with the constitutional guarantees traditionally asserted with criminal prosecutions." (internal quotation marks and citations omitted)); *see also Katzman v. Khan*, 67 F. Supp. 2d 103, 111 (E.D.N.Y. 1999). Accordingly, the court adopts Judge Treece's recommendation and dismisses Kimbrough's Eighth Amendment claims.

## D. Conspiracy and Due Process Claims

Kimbrough further objects to Judge Treece's recommended dismissal of his conspiracy and due process claims.[3] (*See* Pl. Objections at 5-7, Dkt. No. 48.) Although Judge Treece correctly found that substantive due process protections "are not applicable in the context of [an] excessive force claim" brought against an officer effecting an arrest, (R&R at 10, Dkt. No. 46), the court goes further to find that while the Fourteenth Amendment prohibits government officials from engaging in an extra-judicial conspiracy to falsify and tamper with evidence, Kimbrough has failed to sufficiently allege a basis for this court to adjudicate whether the defendants engaged in a conspiracy to violate his due process rights under the Fourteenth

---

[3]Kimbrough does not object to Judge Treece's recommendation that his equal protection claim and excessive force claims premised on the Fifth and Fourteenth Amendment be dismissed. Upon clear error review, the court finds no error and dismisses the equal protection and Fifth and Fourteenth Amendment excessive force claims.

Amendment.[4]

In general, "a witness has absolute immunity from § 1983 liability based on the substance of his trial testimony." *San Filippo v. U.S. Trust Co. of N.Y., Inc.*, 737 F.2d 246, 254 (2d Cir. 1984); *see also Charles v. Wade*, 665 F.2d 661, 665 (5th Cir. 1982); *Myers v. Bull*, 599 F.2d 863, 866 (8th Cir. 1979); *see, e.g., Lofland v. Myers*, 442 F. Supp. 955, 959 (S.D.N.Y. 1977) (dismissing all charges against federal agent regarding his alleged perjury). More specifically, § 1983 does not create a damages remedy against police officers for their testimony in a judicial proceeding. *See Briscoe v. LaHue*, 460 U.S. 325, 326 (1983). However, under the "extra-judicial conspiracy exception," police officers are not immune from suit for engaging in a conspiracy to present false testimony, to tamper with, destroy, and manufacture evidence, or to withhold exculpatory evidence.[5] *See San Filippo*, 737 F.2d at 255; *Dory v. Ryan*, 25 F.3d 81, 83-84 (2d Cir. 1994). A police officer who tampers with or manufactures false evidence

---

[4] Because the Fifth Amendment Due Process Clause only applies to actions taken by the federal government and not by state or municipal officials, the court adopts Judge Treece's recommendation to dismiss Kimbrough's Fifth Amendment due process claims. *See Pub. Utils. Comm'n of D.C. v. Pollak*, 343 U.S. 451, 461 (1952); *Schweiker v. Wilson*, 450 U.S. 221, 227 (1981); *see also Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996).

[5] While there may also be a distinction to be drawn between "testifying witnesses" and "complaining witnesses," *see White v. Frank*, 855 F.2d 956, 958-59 (2d Cir. 1988), the drawing of such distinctions is unnecessary here.

7

"violates the accused's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983." *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997) (citations omitted). Thus, "a defendant cannot use ... absolute immunity as a shield to protect a whole course of conduct merely because, at some point, the defendant was linked to testimony given in a judicial proceeding." *Mitchell v. City of Boston*, 130 F. Supp. 2d 201, 212 (D. Mass. 2001) (citations omitted).

Still, to recover damages under § 1983 for an allegedly unconstitutional conviction or for other harm caused by unlawful actions that would render a conviction or sentence invalid, a "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Consequently, "[a] claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. *Id.* at 487.

Here, Judge Treece correctly concluded that Kimbrough's "claims

8

concerning tampering of evidence and false testimony given at his trial are precluded." (R&R at 22, Dkt. No. 46.) Kimbrough does not allege that his conviction has been reversed, expunged, or invalidated, and, if proved, his claims would "necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487; *see, e.g.*, *Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) (affirming dismissal of § 1983 claims against two police officers who allegedly committed "numerous acts of perjury and coerced witnesses" where plaintiff's underlying conviction had not been overturned); *Duamutef v. Morris*, 956 F. Supp. 1112, 1115-18 (S.D.N.Y. 1997) (dismissing § 1983 claims of malicious prosecution, false arrest, perjury, retaliation, and civil rights conspiracy where plaintiff's underlying conviction had not been overturned).

Additionally fatal to Kimbrough's conspiracy claims would be his failure to adequately allege "a context that raises a suggestion of a preceding agreement ... [and] parallel conduct." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). His bare and conclusory allegations fail to identify in any way what statements were perjured and what evidence was destroyed, tampered with, or withheld. (*See, e.g.*, Compl. ¶¶ 126, 129, 133, 138, 145-46, 154-55, 162-64, 172, 176-78, 181-82, 186, Dkt. No. 1.)

9

Therefore, in accordance with Judge Treece's recommendations, the court dismisses Kimbrough's conspiracy and due process claims as they lack an arguable basis in law under both *Heck* and *Twombly*.

### E. Excessive Force, Failure to Protect, and *Monell* Claims

With much detail and specificity, defendants object to Judge Treece's findings and recommendations concerning Kimbrough's Fourth Amendment excessive force, failure to protect, and *Monell* claims, and defendants' qualified immunity defense.  (*See* Defs. Objections at 1-24, Dkt. No. 47.)  However, as their objections miss the mark, the court adopts Judge Treece's recommended denial of defendants' motion as to Kimbrough's excessive force, failure to protect, and *Monell* claims.

### 1. Excessive Force

"[C]laims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen [are] analyzed under the Fourth Amendment and its 'reasonableness' standard ...."  *Graham v. Connor*, 490 U.S. 386, 395 (1989).  The standard governing excessive force is "whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or

10

motivation." *Id.* at 397 (citations omitted).  In evaluating the reasonableness of the force used to effect a seizure, courts must "careful[ly] balance[] the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (internal quotation marks and citation omitted).  Accordingly, the standard contemplates an evaluation of the totality of the circumstances, that may include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396 (citation omitted).  And "[g]iven the fact-specific nature of the inquiry, granting summary judgment against a plaintiff on an excessive force claim is not appropriate unless no reasonable factfinder could conclude that the officers' conduct was objectively unreasonable." *Amnesty Am. v Town of W. Hartford*, 361 F.3d 113, 123 (2d Cir. 2004) (citation omitted).

Preliminarily, to the extent defendants are challenging Judge Treece's finding that collateral estoppel and the *Rooker-Feldman* doctrine[6]

---

[6] *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

11

do not operate to preclude Kimbrough's § 1983 excessive force claim, the court rejects such a challenge as unsupported by the law and the record.[7] (*See* R&R at 10-14, Dkt. No. 46.)

As to the merits of Kimbrough's excessive force claim, the court finds that Kimbrough has adequately alleged that defendants used an unreasonable amount of force against him. Furthermore, the evidence submitted by defendants, when considered alongside Kimbrough's allegations and subsequent filings, does not conclusively establish as a matter of law that the individual defendants' actions in relation to Kimbrough's conduct were objectively reasonable. Thus, absent further development of the record and additional post-discovery motion practice, resolution of this fact-intensive inquiry will rest in the jury's province. Accordingly, for these reasons and those outlined in the R&R, (*see* R&R at 14-16, Dkt. No. 46), the court presently denies defendants' motion on Kimbrough's excessive force claims against defendants Lutz, Mason, Grecco, Bury, and Belcher.

## 2.     Failure to Protect

---

[7] On the other hand, as recognized by Judge Treece, Kimbrough "is precluded from arguing that he did not attempt to assault a police officer on January 11, 2005, because that question has been fully litigated and decided against him at trial." (R&R at 14, Dkt. No. 46.) Kimbrough does not appear to dispute this conclusion.

12

Liability under § 1983 may attach to a police officer for failing to intervene in or prevent an instance of excessive force if "(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." *Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008) (citations omitted).  However, "[a] police officer cannot be held liable in damages for failure to intercede unless such failure permitted fellow officers to violate a suspect's clearly established statutory or constitutional rights of which a reasonable person would have known." *Ricciuti*, 124 F.3d at 129 (internal quotation marks and citation omitted). And an officer's failure to intercede can only arise "under circumstances making it objectively unreasonable for him to believe that his fellow officers' conduct did not violate those rights." *Id.* (citation omitted).  Ultimately though, "[w]hether an officer had sufficient time to intercede or was capable of preventing the harm being caused by another officer is an issue of fact for the jury unless, considering all the evidence, a reasonable jury could not possibly conclude otherwise." *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994) (citation omitted).

13

The court is cognizant of the case law establishing that an officer will be excused from liability "if the assault is 'sudden and brief,' such that there is no real opportunity to prevent it." *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 429 n.9 (N.D.N.Y. 2009) (citations omitted).  Furthermore, while not entirely clear, the evidence raises questions as to whether the individual defendants were in any position in relation to one another to prevent or intercede in the incident alleged.  Nonetheless, the court must concur with Judge Treece that, at this juncture, such questions and disputes of fact cannot be resolved as a matter of law.  Accordingly, defendants' motion concerning Kimbrough's failure to protect claims is denied at this time.

### 3.  **Qualified Immunity**

"The doctrine of qualified immunity shields government officials from liability for civil damages when their conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *African Trade & Info. Ctr., Inc. v. Abromaitis*, 294 F.3d 355, 359 (2d Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

Here, as it is undisputed that the right to be free from excessive force is clearly established, the linchpin of the analysis is whether it was

14

reasonable for the individual defendants to believe that their actions did not violate the law. But since this question—like the questions regarding Kimbrough's excessive force and failure to protect claims—hinges on the circumstances of the incident alleged and the reasonableness of the officers' response, the court cannot conclude as a matter of law that defendants Lutz, Mason, Grecco, Bury, and Belcher reasonably believed that their actions were constitutional and that they are entitled to qualified immunity on Kimbrough's claims. Consequently, defendants' motion on qualified immunity grounds is denied.

### 4.  *Monell* Liability

A municipality may be liable under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). To establish a municipal policy or custom, a plaintiff must allege:

> (1) the existence of a formal policy officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which

15

>  constructive knowledge can be implied on the part of the policymaking officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with the municipal employees.

*Prowisor v. Bon-Ton, Inc.*, 426 F. Supp. 2d 165, 174 (S.D.N.Y. 2006) (citation omitted). However, a municipality and its supervisory officials may not be held liable under § 1983 based on the theory of respondeat superior. *See Monell*, 436 U.S. 658, 691 (1978). Moreover, "a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." *Ricciuti*, 941 F.2d at 123 (citations omitted); *see also City of Canton v. Harris*, 489 U.S. 378, 387 (1989). Still, a policy may be inferred from circumstantial proof that the municipality displayed a deliberate indifference to the constitutional rights of an individual within its jurisdiction by failing to train its employees. *See Ricciuti*, 941 F.2d at 123.

At this point in the proceedings, the court is content with the allegations contained in Kimbrough's complaint that defendant Town of Dewitt Police Department failed to train its officers and allowed, permitted, and accepted improper and inadequate application of police tactics. (*See* Compl. ¶¶ 183-84, Dkt. No. 1.) And while mindful of defendants'

16

arguments and objections, (*see* Defs. Objections at 23-24, Dkt. No. 47), the court echoes Judge Treece's sentiments: "it is hard to fathom how a plaintiff could provide more detail at the pleading stage regarding a *Monell* claim based on failure to train." (R&R at 20, Dkt. No. 46.) Accordingly, defendants' motion on Kimbrough's *Monell* claim is denied.

### F. Slander and Defamation Claims

While it appears that Kimbrough does not object to Judge Treece's recommended dismissal of his slander and defamation claim and all remaining claims against defendant Conway, (*see* Pl. Objections at 6-7, Dkt. No. 48), on clear error review of these recommendations, (*see* R&R at 20-21, Dkt. No. 46), the court finds no error, dismisses all claims against Conway, including Kimbrough's slander and defamation claim, and terminates Conway from the action.

### G. Punitive Damages

Defendants additionally request that Kimbrough's punitive damages request be stricken. (*See* Defs. Objections at 24-25, Dkt. No. 47.)

In general, "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Yet, punitive damages may be awarded against an individual

17

municipal official if his "conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."  *Smith v. Wade*, 461 U.S. 30, 56 (1983).

Although Kimbrough's punitive damages claim against the Town of Dewitt Police Department is subject to dismissal, the court is currently unable to evaluate the nature of and motivation behind each individual defendant's actions in apprehending Kimbrough on January 11, 2005. Therefore, the court denies defendants' motion to strike Kimbrough's punitive damages request against defendants Lutz, Mason, Grecco, Bury, and Belcher.

## H. Failure to Serve

In addition to his recommendations, Judge Treece also ordered Kimbrough to show cause why John Doe should not be terminated from the action for failure to serve.  (*See* R&R at 23-24, Dkt. No. 46.)  In a responsive letter dated April 9, 2010, Kimbrough conceded to the termination of John Doe as a defendant in this action.  (*See* Dkt. No. 55.)  Accordingly, the court dismisses all claims against John Doe and terminates him from the action.

## III. Conclusion

18

Having reviewed the remainder of the R&R for clear error, the court finds no error.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Randolph F. Treece's Report-Recommendation and Order (Dkt. No. 46) is **ADOPTED** in its entirety as follows:

1. Kimbrough's Fifth, Eighth, and Fourteenth Amendment claims, including his due process and equal protection claims, are **DISMISSED**;

2. Kimbrough's conspiracy claims are **DISMISSED**;

3. Kimbrough's claims against defendant John Doe are **DISMISSED** and Doe is **TERMINATED** from the action;

4. Kimbrough's slander and defamation claim is **DISMISSED**;

5. Kimbrough's claims against defendant Eugene Conway are **DISMISSED** and Conway is **TERMINATED** from the action;

6. Kimbrough's punitive damages request against defendant Town of Dewitt Police Department is **DISMISSED**;

7. Kimbrough's request to strike (Dkt. No. 54) defendants' objections is **DENIED**;

8. Defendants' motion (Dkt. No. 30) as to Kimbrough's Fourth Amendment excessive force, failure to protect, and *Monell* claims is **DENIED**; and

9. Defendants' motion to strike (Dkt. No. 47) Kimbrough's punitive damages request against defendants Lutz, Mason, Grecco, Bury, and Belcher is **DENIED**; and it is further

**ORDERED** that the Clerk provide copies of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 15, 2010
Albany, New York

*Gary L. Sharpe*
United States District Court Judge